Dear Mr. Kling:
Reference is made to the Division of Administration's request for the opinion of this office regarding the correct interpretation and implementation of La. Const. Art. VII, Sec. 9. Specifically, you have requested that we address:
 ". . . the validity and necessity of the current practice of depositing (crediting), interagency transfers, auxiliary revenues, internal service fund and certain self-generated and statutorily dedicated revenues, which are by the appropriation process already obligated to finance a specified program, first into the Bond Security and Redemption Fund (BSRF) prior to placement in their designated final fund status."
Your letter states that this practice has been established since 1974 ". . . based upon an assumption that receipts and revenue were equivalent concepts in the determination of what constituted state funds . . ."
It is the Division's opinion that the practice is flawed, in that it allows a single dollar of revenue to be obligated for debt service more than once. Furthermore, your letter states that in the case of interagency transfers, auxiliary and internal service means of financing receipts, this practice leads to the double counting of revenue for financial, management, budgetary and legislative reporting purposes.
Your letter provides us with three examples which make it clear that in many instances state entities receive dollars from other state entities, which dollars have already been credited to the BSRF. As such, those dollars are counted twice as revenues. Your examples also make it clear that since debt capacity and other dollar allocations are often based upon `revenues' of the BSRF, debt capacity is often overstated. Also, since in addition to being counted for debt and other allocated calculations most of these funds are subject to appropriation for specific purposes, a single dollar is often double obligated.
We note, as you did, that the provisions of law which must be examined are La. Const. Art. VII, Sec. 9, R.S. 39:1402B, and R.S.49:308A. Pertinently, those provisions provide:
 "All money received by the state or by any state board, agency, or commission shall be deposited immediately in the state treasury . . .
* * *
 "[A]ll state money deposited in the state treasury shall be credited to a special fund designated as the Bond Security and Redemption Fund except money received as the result of grants or donations or other forms of assistance when the terms and conditions thereof or agreements pertaining thereto require otherwise . . ." (La. Const. Art. VII, Sec. 9).
 "Pursuant to Article VII, Section 9(B) of the constitution of Louisiana, all state money deposited in the state treasury . . . shall be credited to a special fund designated as the Bond Security and Redemption Fund . . ." (R.S. 39:1402B).
 "All money received by the state or any state board, commission, or agency shall be deposited immediately upon receipt in the state treasury . . ." (R.S. 49:308A).
This office defers to the Division of Administration's expertise with regard to desirable financial management and accounting practices. Furthermore, based upon the examples which you have provided, it seems clear that you are correct that current deposit practices regarding the BSRF could lead to the over-obligation of certain state funds as well as a less than accurate indicator of state revenues.
On the other hand, the current deposit practice also creates more revenue for the BSRF, consequently making additional funds available for the payment of debt service than would be available if only funds "originally" received by the state (as opposed to funds received by one state agency from another) flowed through the BSRF. Notably, this office has previously opined that a specific dollar appropriated to one agency and then transferred by that agency to a second agency "do[es] not flow laterally in the Treasury". Rather, the dollar would move from the first agency to the BSRF "where it is again available for debt service" and then to the second agency. Atty. Gen. Op. No. 87-53.
It is also pertinent that the constitution specifically refers to funds "received" by "any state board, agency, or commission" as well to funds "received" by "the state". Clearly, state agencies can and do "receive" funds from each other, and such funds are required to be "deposited" in the treasury. Furthermore, the constitution excepts certain funds from flowing through the BSRF (pursuant to the terms of grants or donations) and it could, but does not, contain an exception for funds received by one state agency from another.
In our opinion the above referenced provisions of law, particularly La. Const. Art. VII, Sec. 9, require that every dollar deposited in the state treasury, including "deposits" by state agencies of dollars "received" by one state agency from another state agency, must flow through the BSRF.
We trust the foregoing to adequately respond to your request.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv p:\jmzb\op.95-403